IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0997-WJM-SKC

STEVEN J. UNDERWOOD,

    Plaintiff,

v.

DURANGO COCA-COLA BOTTLING COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

This matter is before the Court on Defendant Durango Coca-Cola Bottling Company's ("Defendant") Motion to Dismiss ("Motion") (ECF No. 27). For the following reasons, the Motion is granted.

### I. BACKGROUND AND PROCEDURAL HISTORY

The following facts are taken from Plaintiff Steven Underwood's ("Plaintiff") Amended Complaint and are assumed true for the purpose of resolving the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Defendant is a corporation which hired Plaintiff as a delivery driver and salesperson in March 2007. (ECF No. 25 ¶¶ 8–9.) In 2012, Plaintiff fell from the back of his delivery truck and injured his head and spine. (*Id.* ¶ 12.) Plaintiff remained employed by Defendant and performed his regular job duties with certain restrictions due to his injury. (*Id.* ¶¶ 16–28.)

In December 2014, Plaintiff's physician informed him that his work restrictions due to his injuries would be permanent. (*Id.* ¶¶ 24–25.) In November 2015, Plaintiff's physician further revised his work restrictions to consist of fewer hours and limits on lifting. (*Id.* ¶ 25.) On February 11, 2016, Defendant issued Plaintiff a letter stating that his employment would be terminated effective April 1, 2016 because Defendant could not continue accommodating Plaintiff's permanent work restrictions. (*Id.* ¶¶ 30–32.)

On December 8, 2016, Plaintiff submitted a charge to the Equal Employment Opportunity Commission ("EEOC"), which included an affidavit executed December 7, 2016. (*Id.* ¶ 49.) In his affidavit, Plaintiff stated that Defendant had discharged him due to his disability and age in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). On January 10, 2020, the EEOC issued Plaintiff a notice of right to sue based on his ADA claim. (*Id.* ¶ 53.) The EEOC made no finding as to Plaintiff's ADEA claim. (*Id.*)

Plaintiff filed his initial Complaint in this Court on April 8, 2020. (ECF No. 1.) Plaintiff filed his Amended Complaint on July 28, 2020, which is the operative complaint. (ECF No. 25.) He brings claims for disability discrimination and failure to accommodate in violation of the ADA, and age discrimination in violation of the ADEA. (*Id.* ¶¶ 55–86.)

Defendant filed its Motion on August 11, 2020. (ECF No. 27.) Plaintiff filed his response on September 1, 2020. (ECF No. 28.) Defendant filed its reply on September 15, 2020. (ECF No. 29.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

Defendant argues that Plaintiff's claims are barred because he failed to exhaust administrative remedies as is required prior to filing suit pursuant to the ADA or ADEA. (ECF No. 27 at 2.) Specifically, Defendant contends that Plaintiff's filing with the EEOC was untimely, and therefore he did not exhaust administrative remedies. (*Id.*) Defendant further argues that, notwithstanding the timeliness of Plaintiff's charge, Plaintiff fails to plead facts which plausibly state a claim for discrimination under either the ADA or ADEA. (*Id.*)

In general, "a federal employee must exhaust his or her administrative remedies in order to obtain *de novo* review of unlawful discrimination claims by a district court." *Coffman v. Glickman*, 328 F.3d 619, 623 (10th Cir. 2003). "[B]ecause failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that she did exhaust." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002). Whether a plaintiff has exhausted his or her administrative remedies is a question of "jurisdictional fact." *Id.* at 1105.

To exhaust administrative remedies, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment action. 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d)(1)(B); *see also Mendia v. Hawker Beechcraft Corp.*, 303 F. App'x 622, 624 (10th Cir. 2008). Defendant first argues that Plaintiff's December 8, 2016 submission was not a charge, as Plaintiff submitted a more detailed formal charge on January 27, 2017. (ECF No. 27 at 5.) As the EEOC accepted Plaintiff's preliminary submission as a charge, however, the Court assumes that it was sufficient and proceeds to the issue of whether the submission was timely. *See Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 397 (2008) (deferring to EEOC's reasonable interpretation of regulations, including whether a document constitutes a charge).

The 300-day time period begins "when the plaintiff first knew or should have known of his injury, whether or not he realized the cause of his injury was unlawful." *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (citing *Rotella v. Wood*, 528 U.S. 549, 555–56 (2000); *United States v. Kubrick*, 444 U.S. 111,

4

122 (1979)).  A cause of action accrues "on the date the employee is notified of an adverse employment decision by the employer."  *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1187 (10th Cir. 2003).  Because Plaintiff received his discharge notice on February 11, 2016, he had until December 7, 2016 to file a charge.

While Plaintiff asserts in a conclusory manner that the charge was timely filed, he does not specify a date from which the 300-day clock began running.  (ECF No. 28 at 3–4.)  Rather, Plaintiff argues that the Court should accept as true the allegation in his Amended Complaint that he timely filed the charge and should defer to the EEOC's determination that the charge was timely.  (*Id.* at 3–5.)

A court may consider documents outside of the pleadings when they are referenced in the complaint and are central to the plaintiff's claims.  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The parties agree that Plaintiff's charge is referenced in the Amended Complaint and that the Court may consider it.  (ECF No. 27 at 3 n.2; ECF No. 28 at 4.)  Accordingly, the Court properly considers the charge.

While Plaintiff emphasizes that the affidavit attached to his charge was signed on December 7, 2016, he does not state in his Amended Complaint when his charge with the attached affidavit was filed.  (ECF No. 25 ¶ 49.)  The charge is dated December 8, 2016, one day after the 300-day deadline.  (ECF No. 27-1 at 2–5.)  Plaintiff's charge was therefore untimely.

Plaintiff further relies on a June 1, 2017 letter from an EEOC investigator, which stated that his charge was timely.  (ECF No. 25 ¶ 50.)  Plaintiff cites the letter in Amended Complaint and in his response as evidence that he timely filed his charge.

5

(ECF No. 25 ¶ 50; ECF No. 28-1 at 2.)  He states that the EEOC accepted the charge because it was timely signed and verified, and urges the Court to defer to this finding. (ECF No. 28 at 5.)

Review of the letter reveals that the investigator calculated the December 8, 2016 charge as timely because it was filed 251 days after April 1, 2016, the date Plaintiff's termination became effective.  (ECF No. 28-1 at 2.)  Plaintiff's contention is therefore misleading, because the EEOC accepted the charge as timely based on calculating the date of adverse action from April 1, *not* because the charge was signed on December 7.  (*Id.*)

Courts do not typically defer to the EEOC's interpretation of the clear requirement of a time limit on filing a charge, which is unambiguous and easily verifiable.  *See Sanchez v. City and Cnty. of Denver*, 2019 WL 5695949, at *9 (D. Colo. Nov. 4, 2019) ("District courts do not sit in appellate review of EEOC determinations but hear the cases *de novo*.") (citing *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838 (10th Cir. 1979)); *see also Reveles v. Catholic Health Initiatives*, 2017 WL 2672112, at *8 (D. Colo. June 21, 2017) (dismissing discrimination claims for failure to exhaust administrative remedies after determining that plaintiff failed to timely file charge).

Even assuming that the EEOC's determinations of timeliness were entitled to some deference, basing accrual on the date of termination rather than the date of notice of termination is clearly erroneous, as it conflicts with the Tenth Circuit law.  The Tenth Circuit is clear that the date of an adverse employment action, such as termination, is the date the employee learns of the employer's decision to terminate, not the final date of employment.  *Almond*, 665 F.3d at 1176 (stating that the 300-day period begins the

date the employee learns of the adverse employment action); *Davidson*, 337 F.3d at 1187 (stating that the cause of action accrues "on the date the employee is notified of an adverse employment decision by the employer"). Plaintiff does not dispute that his cause of action accrued on February 11, 2016, but instead invites the Court to accept the EEOC investigator's determination without examining its basis. The Court declines to do so. Plaintiff failed to timely file a charge, and his Amended Complaint must be dismissed.[1]

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  Defendant's Motion (ECF No. 27) is GRANTED;

2.  Plaintiff's Amended Complaint (ECF No. 25) is DISMISSED WITHOUT PREJUDICE; and

3.  The Clerk shall terminate this case.

Dated this 15th day of March, 2021.

BY THE COURT:

William J. Martínez
United States District Judge

---

[1] Finding that Plaintiff's claims are barred as untimely, the Court need not address Defendant's alternative arguments for dismissal.